# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LADEITRIC HAMPTON                                                                                    PLAINTIFF

v.                                          5:16-CV-00242-JM/JTR

SHERIDAN DETENTION CENTER, *et al.*                                              DEFENDANTS


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

On August 3, 2016, Plaintiff Ladeitric Hampton ("Hampton") filed this *pro se* § 1983 action alleging that, while he was a pretrial detainee in the Sheridan Detention Center ("SDC"), he was denied constitutionally adequate medical care. *Doc. 2*. Hampton amended his Complaint on August 17, 2016. *Doc. 3*. On September 26, 2016, at the Court's direction, he filed a Second Amended Complaint. *Docs. 5 & 7*.

After the initial screening required by 28 U.S.C. § 1915A(a), Hampton was permitted to proceed with his § 1983 claim that Jail Administrator Shane Green ("Green") and Assistant Jail Administrator Melanie Bryant ("Bryant") denied him constitutionally adequate medical care for stomach pains and rectal bleeding.[1] *Docs. 8 & 10*. Hampton seeks an award of damages for pain and suffering and medical expenses.

Green and Bryant have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *Docs. 21-23*. Hampton has filed a Response. *Doc. 27*.

---

[1] All other claims raised by Hampton were dismissed, without prejudice.

Before addressing the merits of Defendants' Motion, the Court will summarize the relevant undisputed facts giving rise to Hampton's claim.[2]

1. On July 26, 2015 at 5:00 a.m., Hampton, a pretrial detainee,[3] complained to jail officials that he was experiencing stomach pains and bloody stools. In response, Bryant scheduled an appointment for him at a nearby medical clinic. Hampton was also given ibuprofen for his pain, which allowed him to sleep. *Doc. 2 at p. 1-2*; *Doc. 7 at p. 1*; *Doc. 22-4 at ¶ 11*, Affidavit of M. Bryant.

2. The next morning, July 27, 2015, Hampton woke up and observed blood "everywhere" after he used the bathroom. He complained to a guard named Randy, who responded by calling an ambulance and notifying Bryant. The paramedics who arrived wanted to take Hampton to the hospital immediately, but

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

[3] It appears Hampton was a pre-trial detainee at the time his inadequate medical care claim arose. Thus, the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, governs Hampton's inadequate medical care claim. However, because the Eighth Circuit applies the same deliberate indifference standard under both constitutional provisions, Hampton's apparent status as a pre-trial detainee, instead of a convicted prisoner, is of little practical significance. *See Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

Bryant declined, pointing out that Hampton already had an appointment at a medical clinic later that same day. *Doc. 2 at p. 2*; *Doc. 27 at p. 3*.

3. On the afternoon of July 27, 2015, Hampton was taken to the Winston Clinic for a 3:45 p.m. appointment. Hampton told the medical provider who treated him that he had been experiencing rectal bleeding for two days and that it was getting worse. The medical provider, citing Hampton's "GI bleeding," directed him to go to the hospital emergency room. *Doc. 22-2* (Winston Clinic Office Visit Record); *Doc. 22-4 at ¶¶12-14* (Affidavit of M. Bryant); *Doc. 7 at p. 2*.

4. Hampton was taken from the Winston Clinic to the Baptist Health Medical Center – Hot Spring County. He was admitted and released the next day, July 28, 2015. Hampton was diagnosed with colitis, nausea, hematochezia, and lower quadrant abdominal pain. He was provided with medications and directed to follow up with his family practice physician. *Doc. 22-2* (Winston Clinic Office Visit Record); *Doc. 22-4 at ¶¶14-15* (Affidavit of M. Bryant); *Doc. 7 at p. 2*.

## II. Discussion

Green and Bryant argue that they are entitled to summary judgment on the inadequate medical care claim Hampton has asserted against him.[4] The Court

---

[4] Because Hampton has failed to present any evidence of a constitutional violation, his claims against the Defendants fail, regardless of whether he has sued them in their "individual" or "official capacities." Accordingly, it is not necessary to address Defendant's argument that Hampton's claims must be dismissed because he has only sued them in their "official capacities."

agrees.

To proceed to trial on his inadequate medical care claims, Hampton must have evidence demonstrating that: (1) he had an objectively serious need for medical care to treat his stomach pain and rectal bleeding; and (2) Green or Bryant subjectively knew of, but deliberately disregarded, that serious medical need by delaying his medical treatment. *See Saylor v. Nebraska,* 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Deliberate indifference, which goes well beyond negligence or gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Similarly, because Hampton claims that Bryant or Green delayed his medical treatment, he must provide evidence to demonstrate he was harmed by the alleged delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120-21 (8th Cir. 2016); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (explaining that, to avoid summary judgment on a delay in medical care claim, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (same). In other words, an inmate must show that a defendant ignored a critical or

5

escalating medical situation, or that the delay adversely affected the inmate's prognosis.

Hampton has failed to produce *any evidence* demonstrating that either Green or Bryant were deliberately indifferent to his need for medical treatment for his complaints of abdominal pain and bloody stools. To the contrary, it is undisputed that: (1) on the morning of July 26, 2015, following Hampton's first complaint of stomach pain and bloody stools, Byrant made an appointment for Hampton to receive medical treatment the following day at the Winston Clinic, and Hampton was given ibuprofen for his pain;[5] (2) on the morning of July 27, 2015, when Hampton again complained of bloody stools, an ambulance was called; (3) on the afternoon of July 27, 2015, Hampton was taken to the Winston Clinic for medical treatment; (4) Hampton was diagnosed with a gastrointestinal bleed and referred to the emergency room for further care; (5) Hampton was taken immediately to the hospital for treatment; and (6) Hampton spent one night in the hospital before being released. Thus, the undisputed evidence shows that jail officials acted promptly to ensure that Hampton received medical attention.

---

[5] In responding to Defendants' summary judgment motion, Hampton alleges for the first time that he was the victim of inadequate or improper medical care because the guard who gave him ibuprofen on July 26, 2015, was not a nurse or certified health care provider. *Doc. 27 at 2*. Thus, this "new" inadequate medical care claim is *not* properly before the Court. Additionally, even if Hampton had included this claim initially, it would not have survived the legal screening required by 28 U.S.C. § 1915A(a). On its face, this claim would have been dismissed, *sua sponte*, because it is frivolous and fails to state a claim upon which relief may be granted.

While Hampton makes the conclusory allegation that he wasn't taken to the hospital sooner, he does not contend that the brief delay in being taken to the hospital adversely affected his prognosis. Nor is there any evidence in the record to support such a contention.

Hampton himself describes Bryant's and Green's conduct in terms of negligence. He contends that they "negligently delayed" his request for medical attention on July 26th and 27th by sending him back to his cell and not providing him with immediate medical attention. *Doc. 7 at p. 1-2*. Claims of negligence fail to satisfy the higher deliberate indifference standard required to find a constitutional violation. *See Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("At best, plaintiff's proof in this appeal amounts to negligent conduct, not deliberate or willful conduct on [the jailors'] part."); *Olson v. Bloomberg*, 339 F.3d 730 (8th Cir. 2003) ("deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct.").

### III. Conclusion

Because Ladeitric Hampton has not produced any evidence of deliberate indifference, Green and Bryant are entitled to summary judgment.

IT IS THEREFORE RECOMMENDED THAT:

Defendant Green's and Bryant's Motion for Summary Judgment *(Doc. 21)* be GRANTED, and Hampton's inadequate medical care claims against them be DISMISSED, WITH PREJUDICE.

Dated this 30th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE